UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JOHN DOE, SR.,** *et al.,*

      **Plaintiffs,**

v.

      Case No. 2:07-cv-00683
      JUDGE SMITH
      Magistrate Judge Abel

**WESTERVILLE CITY
SCHOOL DISTRICT,** *et al.*,

      **Defendants.**

## OPINION AND ORDER

Plaintiffs, John Doe, Sr., Mary Doe, and John Doe, Jr. (collectively "Plaintiffs"), have filed this lawsuit against Defendant Westerville City School District ("Westerville District") and several Westerville District employees in their individual and official capacities (collectively "Individual Defendants").  Plaintiffs allege that Defendants denied John Doe, Jr. a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Improvements Act ("IDEIA"), 20 U.S.C. § § 1400 *et seq*., and failed to create and follow an Individualized Education Plan ("IEP") that provided instruction premised on scientifically based reading research in violation of the No Child Left Behind Act ("NCLB"), 20 U.S.C. § § 6301 *et seq*.  This matter is before the Court pursuant to Defendants' Motion for Judgment on the Pleadings (Doc. 11).  Defendants have also filed a Motion to File Supplemental Reply Memorandum Instanter in Support of Motion For Judgment on the Pleadings (Doc. 23).

For the reasons that follow, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings (Doc. 11), and **GRANTS** Defendants' Motion to File Supplemental Reply Memorandum Instanter in Support of Motion For Judgment on the Pleadings (Doc. 23).

### I.   FACTUAL BACKGROUND

For purposes of this motion for judgment on the pleadings, all facts stated in the complaint are accepted as true.

Plaintiff John Doe, Jr. is a minor child who was enrolled in a Westerville District elementary from Kindergarten, Fall 2002, until the beginning of Fourth Grade, Fall 2006. Shortly after enrollment in Kindergarten, Plaintiffs John Doe, Sr., and Mary Doe (John Doe, Jr.'s parents), expressed concerns to their child's teacher that he was having trouble with early reading skills. The school district administered a Multi-Factored Evaluation ("MFE"), which identified that Plaintiff John Doe, Jr. "may benefit from phonetic awareness practice," but did not identify a learning disability. Therefore, Defendant Westerville District did not begin an intervention program.

In August 2003, John Doe, Jr.'s parents paid for a private evaluation. Their child was diagnosed with a language-based learning disability and ADHD. Plaintiffs did not share the diagnosis with Defendant Westerville District at that time. Defendant Westerville District started his First Grade providing Plaintiff John Doe, Jr. with Title 1 educational support. John Doe, Jr. did not show progress, and so his parents, in Spring 2004, shared their private evaluation and diagnosis with Defendants to assist their son. Defendants acknowledged that John Doe, Jr. was entitled to an Individualized Education Plan ("IEP"). The IEP was completed in May 2004. Because John Doe, Jr. had fallen behind in reading, his parents requested that Defendant

Westerville District pay for a summer program. The request was denied, and John Doe, Jr.'s parents enrolled him in a summer reading program at their own expense.

John Doe, Jr. had an IEP in place for Second Grade. Plaintiffs allege that Defendant Debra Ballard Stapleton, John Doe, Jr.'s special education teacher, did not follow the IEP. Plaintiffs also allege that Defendant Stapleton denied their requests that she provide instruction based upon scientifically based reading research. Plaintiffs asked Defendant Sara Berka, the elementary principal, to enforce the IEP delivery. Defendant Berka represented that it was an issue to be handled by Defendant Gail Walters, Defendant Westerville District's special education coordinator. Plaintiffs allege that Defendant Gail Walters did not ensure enforcement of the IEP as they requested. Plaintiff John Doe, Jr.'s parents observed that John Doe, Jr. began to exhibit emotional distress behaviors during the middle of his Second Grade school year. John Doe, Jr. continued to fall behind in reading, and an evaluation completed by Defendant Westerville District diagnosed him with dyslexia. The evaluator recommended instruction based upon "phonological awareness." Plaintiffs allege that the evaluator's recommendation was not followed.

Plaintiffs assert that Defendants continued to refuse to provide John Doe, Jr. with an appropriate IEP throughout his Third Grade. Plaintiffs allege that Defendant Amanda Welsch, John Doe, Jr.'s Third Grade special education teacher, did not follow the IEP, and that she refused to consider a specific and proven method of remedial instruction. John Doe, Jr.'s parents again requested Defendants Gail Walters and Sara Berka to intervene, but they refused. The parents wrote to Defendant George Tombaugh, the superintendent, requesting assistance. A meeting was held where the parents expressed their concerns. Plaintiffs allege that the Defendants took no actions based upon the meeting, and that Defendant Tombaugh failed to

respond to a subsequent letter from John Doe, Jr.'s parents asking for a response to the issues raised at the meeting.

In June 2006, John Doe, Jr.'s parents requested that Defendant Westerville District pay for their child's tuition to Marburn Academy, a private school specializing in teaching dyslexic children. Defendant Westerville District denied the request.

In August 2006, John Doe, Jr.'s parents requested a due process hearing. Plaintiffs allege that the Fourth Grade IEP was inappropriate, and that Defendant Amy Blanchard, the special education teacher, did not comply with the IEP. In October 2006, John Doe, Jr.'s parents withdrew him from Defendant Westerville District's elementary school and enrolled him in Marburn Academy at their own expense. Plaintiffs allege that Defendants retaliated against them for requesting a due process hearing by withholding information and documents they were required to provide to the parents.

The due process hearing was held on October 18 and 19, 2006. John Doe, Jr.'s parents appeared pro se, alleging that Defendants failed to provide a FAPE in a timely manner, failed to follow the IEP, failed to follow procedural guidelines, and improperly failed to provide Extended School Year services. Defendants denied the allegations. By decision dated December 12, 2006, the hearing officer found against Plaintiffs, holding that Defendants met IDEIA's mandates in providing a FAPE for John Doe, Jr. Plaintiffs appealed the hearing officer's decision, and the appeal was denied by decision dated April 20, 2007.

On July 18, 2007, Plaintiffs filed the instant action, asserting that the hearing officer's due process order erred in both its findings of fact and conclusions of law (Doc. 3). Plaintiffs allege that for the school year commencing in 2002-2003 through and including the 2006-2007 school year, Defendants violated IDEIA by failing to provide a FAPE for John Doe, Jr. and by

failing to create and follow an IEP that provided instruction premised on scientifically based reading research in violation of NCLB.  On January 30, 2008, Defendants filed a Motion For Judgment on the Pleadings (Doc. 11).  This motion has been fully briefed and is ripe for review.

## II.  RULE 12(c) JUDGMENT ON THE PLEADINGS STANDARD

Federal Rule of Civil Procedure 12(c) provides that "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." It is well settled that a court must review a Rule 12(c) motion under the same standard applicable to a Rule 12(b)(6) motion.  *Lindsay v. Yates*, 498 F.3d 434, 438 (6th Cir. 2007). Under the United States Supreme Court's recent articulation of the standard, courts must construe the complaint in favor of a plaintiff, accept the factual allegations contained in the complaint as true, and determine whether a plaintiff's factual allegations plausibly suggest viable claims.  *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).  The claims must be plausible and not merely conceivable.  *Bell Atlantic Corp.*, 127 S. Ct. at 1974.

The purpose of a motion under either rule is to test the sufficiency of the complaint.  A complaint need not set down in detail all the particulars of a plaintiff's claim.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief."  Nonetheless, the complaint "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). A court must not accept conclusions of law or unwarranted inferences cast in the form of factual allegations.  *Id.* A court will, however, indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076-77 n.6 (6th Cir. 1972).

Courts should grant motions for judgment on the pleadings when there is an absence of law or facts to support a claim. Courts may also grant motions for judgment on the pleadings when, on the face of the complaint, there is an insurmountable bar to relief. *Little v. UNUM Provident Corp.*, 196 F. Supp. 2d 659, 662 (S.D. Ohio 2002) (*citing Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978)).

### III. DISCUSSION

Defendants' motion for judgment on the pleadings seeks dismissal of Plaintiffs': (1) claims for emotional and punitive damages; (2) claims against Individual Defendants; and (3) claims that predate August 9, 2004. (Defs.' Mot. for Jdt. on Pldgs. at 2). With the exception of the emotional damages claims, Plaintiffs dispute Defendants' contention that they are entitled to judgment on the pleadings. (*See* generally, Pls.' Memo. in Opp.). The Court will address the parties' arguments in turn.

**A.     Claims for Emotional and Punitive Damages**

Plaintiffs, in response to Defendants' request for dismissal of claims seeking damages for emotional distress, state that they did not request damages for emotional distress in their Complaint. (Pls.' Memo. in Opp. at 2). The Complaint, however, states "This is a claim for compensation for academic, *emotional*, and financial damages . . . ." (Compl. ¶ 1) (emphasis added). Further, Paragraphs 24 and 30 of the Complaint specifically allege that Plaintiff John Doe, Jr. exhibited emotional distress. To the extent Plaintiffs seek to recover emotional damages, the Court agrees with Defendants, that those damages are not available.

Plaintiffs' claim, filed pursuant to 20 U.S.C. § 1415(i)(2), is an appeal from the final decision which was issued by a State Level Review Officer appointed by the Ohio Department of Education. It is not a claim brought pursuant to 42 U.S.C. § 1983 or any other federal or state

statute, and it is not a tort or contract action. Thus, Plaintiff is limited to the remedies available under IDEIA. Those remedies include an "award of funds to parents to reimburse them for expenses on special education that a school board should have, but did not, provide," but general compensatory damages, including damages for emotional injuries are not available. *Long v. Dawson Springs Indep. Sch. Dist.*, 197 Fed. Appx. 427, 432 (6th Cir 2006) (*citing*, *Sch. Comm. of Town Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369-70 (1985)); *accord*, *Crocker v. Tennessee Secondary School Athletic Ass'n*, 980 F.2d 382, 386 (6th Cir. 1992).

Since only restitutional damages are available in actions filed pursuant to 20 U.S.C. § 1415(i)(2), punitive damages, like general monetary damages, are not recoverable. *See Long*, 197 Fed. Appx. at 432; *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 916, n.6 (6th Cir. 2000) (citations omitted); *Crocker*, 980 F.2d at 386-87; *accord Heideman v. Rother*, 84 F.3d 1021, 1033 (8th Cir. 1996) (agreeing with *Crocker*, *supra*, and holding that "plaintiffs' claims based upon defendants' alleged violations of the IDEA may not be pursued in this § 1983 action because general and punitive damages for the types of injuries alleged by plaintiffs are not available under the IDEA"); *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13 (1st Cir. 2006) (holding that "no punitive or general compensatory damages could be awarded in IDEA-based suit").

Accordingly, Defendants are entitled to judgment on the pleadings with respect to Plaintiffs' claims for emotional and punitive damages.

**B.     Claims Against Individual Defendants**

Defendants argue that the Individual Defendants should be dismissed from this action because a claim cannot lie against them under the IDEIA, because they were acting within the scope of the authority with regard to the Plaintiffs, because the IDEIA does not permit an award of monetary relief against individuals in either their official or individual capacities, and also

because the claims against them are actually claims against Defendant Westerville District. (Defs.' Mot. for Jdt. on Pldgs. at 10).  Plaintiffs counter that their claims against the Individual Defendants, all of whom have been sued in their individual and official capacities, are proper because the Individual Defendants failed to act in fulfillment of their statutory duties under the IDEIA, and the Individual Defendants acted "maliciously, wantonly, recklessly, and in bad faith." (Pls.' Memo. in Opp. at 1-2).

The Court agrees with Defendants that the claims against the Individual Defendants are actually claims against Defendant Westerville District.  Plaintiffs' Complaint names George Tombaugh, Glenna Cameron, Gail Walter, Debbie Stapleton-Ballard, Amanda Welsch, Amy Blanchard, and Sarah Berka as defendants in both their individual and official capacities.  A review of the allegations in the Complaint, however, reveals that Plaintiffs' allegations concerning the Individual Defendants relate only to actions taken in their official capacities. (*See* Compl. ¶ ¶ 4-10, 22, 23, 26, 28, 29 and 30).  Plaintiffs' assertion in their Memorandum in Opposition that the Individual Defendants acted "maliciously, wantonly, recklessly, and in bad faith" is insufficient to alter the actual nature of the Individual Defendants' alleged actions.  The Complaint does not allege any facts against any of the Individual Defendants indicating that they acted outside the scope of their discretion and authority as employees of Defendant Westerville District.  Thus, Plaintiffs' suit against the Individual Defendants can be characterized as an official-capacity suit.

In *Hafer v. Melo*, 502 U.S. 21, 25 (1991), the Court stated that "[o]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." (citations and internal quotations omitted).  *See also*, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, n.55 (1978) (same).  "[T]he real party in interest in an official-capacity suit is

the government entity itself and not the named official." *Id.* As applied to the instant case, the claims Plaintiffs assert against the Individual Defendants, all of which are properly classified as official-capacity claims, should be treated as claims against Defendant Westerville District as the entity that employs these Individual Defendants. Put another way, because Defendant Westerville District is the real party in interest, the naming of the Individual Defendants in this case is redundant.

In so finding, the Court notes that the removal of these Individual Defendants does not provide a ground for Defendant Westerville District to avoid liability. Instead, the Court is acknowledging that any wrongdoing by these Individual Defendants is attributable to Defendant Westerville District. By eliminating the redundant claims against the Individual Defendants, this Court is merely simplifying the litigation in a manner that does not cause any prejudice to Plaintiffs.

Accordingly, the Court dismisses the Individual Defendants.

**C.      Claims Predating August 9, 2004**

As a preliminary matter, the Court grants Defendants' Motion to File Supplemental Reply Memorandum Instanter in Support of Motion For Judgment on the Pleadings (Doc. 23). Defendants' supplemental reply brief addresses only the statute of limitations issue, and references a comprehensive decision that was issued by a three-judge panel of appellate hearing officers in Pennsylvania with respect to this issue, namely *School Dist. of Philadelphia*, 49 IDELR 240 (SEA PA 2008). The three judge panel concluded that Congress intended a two-year statute of limitations period, looking back from the date that the administrative process is initiated with the filing of a request for a due process hearing. The panel's conclusion is consistent with this Court's analysis as set forth below.

Defendants argue that the IDEIA's two year statute of limitations bars Plaintiffs' claims that predate August 9, 2004. (Defs.' Mot. for Jdt. on Pldgs. at 15-16; Reply at 4-6). Plaintiffs counter that they are entitled to have the Court consider violations from April 2003 forward (Pls.' Memo. in Opp. at 3).

The parties agree that a two year statute of limitations applies, and a plaintiff's IDEIA claims accrue "when the parents knew or had reason to know of the injury or event that is the basis for their claim." (Defs.' Reply at 5 (*citing* O.R.C. § 2305.10(A); *Cavanaugh v. Cardinal Local Sch. Dist.*, 150 Fed. Appx. 386 (6th Cir. 2005); *Herm v. Stafford*, 663 F.2d 669 (6th Cir. 1981); and *quoting Hall v. Knott County Bd. of Educ.*, 941 F.2d 402, 408 (6th Cir. 1991)); and *see* Pls.' Memo. in Opp. at 3 (*citing Draper v. Atlanta Indep. Sch. Sys.,* 480 F.Supp.2d 1331 (N.D.G.A. 2006)). "The cause of action accrues when the plaintiffs learn of the injury, 'whether or not they [know] the injury [is] actionable.'" *James v. Upper Arlington City Sch. Dist.*, 987 F.Supp. 1017, 1023 (S.D. Ohio 1998) (Sargus, J.) (*quoting Hall*, 941 F.2d at 409).

Thus, it is the Court's task in the instant case to determine when the Plaintiffs knew or should have known of their claim that Defendant Westerville District was not providing a FAPE to Plaintiff John Doe, Jr. Plaintiffs assert that this occurred when Plaintiff John Doe, Jr. was diagnosed with dyslexia in April 2005. (Pls.' Memo. in Opp. at 3). They contend that the Court is therefore entitled to consider Defendants' violations of the IDEIA that occurred from April 2003, when John Doe, Jr. was in Kindergarten and forward. (*Id*.). Defendants, however, point out that April 2005 was not the first time the Plaintiffs knew of John Doe, Jr.'s language-based learning disability. (Defs.' Reply at 6). Plaintiffs, in their Complaint, allege that they paid for a private evaluation of John Doe, Jr. in August 2003, in which he was diagnosed with a language-based learning disability and ADHD. (Compl. ¶ 20). The Court agrees with Defendants that it

-10-

was on this date, August 2003, that Plaintiffs' claim that Defendant Westerville District was not providing a FAPE to John Doe, Jr. accrued, and not in April 2005, when his language-based disability was confirmed by a second evaluation.  Based upon this date, Plaintiffs had until August 2005 to request an impartial due process hearing.  They did not do so until August 9, 2006.  Consequently, Plaintiffs' IDEIA allegations and claims predating August 9, 2004 are time-barred.

## IV.   DISPOSITION

For all of the foregoing reasons, the Court **GRANTS** Defendants' Motion for Judgment on the Pleadings (Doc. 11) and **GRANTS** Defendants' Motion to File Supplemental Reply Memorandum Instanter in Support of Motion For Judgment on the Pleadings (Doc. 23).

The Clerk shall remove Documents 11 and 23 from the Court's pending motions list.

Plaintiffs' claims with respect to Defendant Westerville District remain pending to the extent they have not been dismissed by this Order.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**