UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


JOHN DOE, SR., *et al.*,

      Plaintiffs,

v.

WESTERVILLE CITY
SCHOOL DISTRICT, *et al.*,

      Defendants.

Case No. 2:07-cv-00683
JUDGE SMITH
Magistrate Judge Abel


## OPINION AND ORDER

Plaintiffs, John Doe, Sr., Mary Doe, and John Doe, Jr. (collectively "Plaintiffs"), have filed this lawsuit against Defendant Westerville City School District ("Westerville District") and several Westerville District employees in their individual and official capacities (collectively "Individual Defendants").[1] Plaintiffs allege that Defendants denied John Doe, Jr. a free appropriate public education ("FAPE") in violation of the Individuals with Disabilities Education Improvements Act ("IDEIA"), 20 U.S.C. §§ 1400 *et seq.*, and failed to create and follow an Individualized Education Plan ("IEP") that provided instruction premised on scientifically based reading research in violation of the No Child Left Behind Act ("NCLB"), 20 U.S.C. §§ 6301 *et seq*. This matter is before the Court pursuant to Defendant's Motion to Strike Plaintiffs' Jury Demand (Doc. 27). This motion has been fully briefed and is ripe for review. For the reasons that follow, the Court **GRANTS** Defendant's Motion to Strike Plaintiffs' Jury Demand.

---

[1] The Individual Defendants were dismissed in this Court's Opinion and Order dated June 2, 2008 (Doc. 24).

On July 18, 2007, Plaintiffs initiated this case alleging that for the school year commencing in 2002-2003 through and including the 2006-2007 school year, Defendants violated the IDEIA by failing to provide a FAPE for John Doe, Jr. and by failing to create and follow an IEP that provided instruction premised on scientifically based reading research in violation of NCLB.

Defendant Westerville City School District moves to strike Plaintiffs' jury demand because no right to a jury trial exists in actions brought under the IDEIA and also because Plaintiffs' demand is untimely and improper. Plaintiffs, however, argue that both the IDEIA and the NCLB acts are silent as to whether a right to a jury trial exists under each act, the Court must look to the Seventh Amendment and since Plaintiff seek both equitable relief and compensation damages, a jury trial is proper in this case.

The IDEIA is silent concerning whether a right to a jury trial exists and in the absence of express statutory language granting a right to a jury trial, court have turned to the Seventh Amendment to determine whether a right to a trial by jury is available. *See William S. et al. v. Upper St. Clair School District, et al.*, 42 IDELR 35 (W.D. Pa. 2004); *Whitehead v. Sch. Bd. for Hillsborough County, Florida*, 918 F.Supp. 1515 (M.D. Fla. 1996). The Seventh Amendment states, "In suits at common law, where the value in controversy shall exceed twenty dollars, the right to a trial by jury shall be preserved." In *Curtis v. Loether*, 415 U.S. 189, 194 (1974), the Supreme Court held that the Seventh Amendment is applicable to "actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." The Court must therefore focus on the remedies sought by Plaintiffs.

Plaintiffs' claim, filed pursuant to 20 U.S.C. § 1415(i)(2), is an appeal from the final decision which was issued by a State Level Review Officer appointed by the Ohio Department of Education. It is not a claim brought pursuant to 42 U.S.C. § 1983 or any other federal or state statute, and it is not a tort or contract action. Thus, Plaintiffs are limited to the remedies available under the IDEIA. Those remedies include an "award of funds to parents to reimburse them for expenses on special education that a school board should have, but did not, provide," but general compensatory damages, including damages for emotional injuries are not available. *Long v. Dawson Springs Indep. Sch. Dist.*, 197 Fed. Appx. 427, 432 (6th Cir 2006) (*citing*, *Sch. Comm. of Town Burlington, Mass. v. Dep't of Educ. of Mass.*, 471 U.S. 359, 369-70 (1985)); *accord*, *Crocker v. Tennessee Secondary School Athletic Ass'n*, 980 F.2d 382, 386 (6th Cir. 1992). Only equitable damages and injunctive relief are available under the IDEIA, which are remedies that do not establish a right to a jury trial under the Seventh Amendment. *See William S.*, 42 IDELR 35. Plaintiffs therefore do not have a right to a jury trial under the IDEIA.

Plaintiffs also assert that they are entitled to a jury trial under the NCLB Act. Again the Act is silent as to whether a right to a jury trial exists. Defendant argues that no private right of action exists under the NCLB Act, so it cannot be used to accord Plaintiffs a right to a jury trial. The Court agrees with Defendant. The NCLB Act is a funding statute enacted pursuant to Congress' spending power. *See* 20 U.S.C. §6301, *et seq.*; *Fresh Start Academy v. Toledo Bd. of Educ.*, 363 F. Supp.2d 910, 914 (N.D. Ohio 2005). The NCLB Act provides no express procedure by which individuals may enforce its requirements. *Id.* As a result, a court should determine whether an implied right of action exists under the Act by ascertaining "'whether Congress intended to create a federal right,' or in other words, whether Congress 'intended to confer individual rights upon a class of beneficiaries.'" *Fresh Start Academy*, 363 F. Supp.2d at

914 (*quoting Gonzaga Univ. v. Doe*, 536 U.S. 273, 283-5 (2002)). "In enacting the NCLBA, Congress did not" because "[where] the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit, whether under section 1983 or under an implied right of action." *Id.* Therefore, because no private right of action exists under the NCLB Act, Plaintiffs may not rely upon it to demand a jury trial in this case.

For all of the foregoing reasons, the Court **GRANTS** Defendants' Motion to Strike Plaintiffs' Jury Demand (Doc. 27).

The Clerk shall remove Document 27 from the Court's pending motions list.

**IT IS SO ORDERED.**

        */s/ George C. Smith*
        **GEORGE C. SMITH, JUDGE**
        **UNITED STATES DISTRICT COURT**